UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY KEPLAR | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-cv-02281-B |
| | § | |
| GOOGLE, LLC | § | |
| | § | |
| Defendant | § | JURY TRIAL DEMANDED |

PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(6)
MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

Plaintiff hereby responds to Defendant's Rule 12(b)(6) motion to dismiss and brief in support thereof ("Motion"), and would show as follows:

1. In the Motion, Defendant seeks dismissal of Plaintiff's Complaint on the ground that Plaintiff did not file a charge of discrimination with, and receive a notice of right to sue from, the Equal Employment Opportunity Commission ("EEOC"), and has not plead a prima facie case of discrimination. Motion at 4-7.

2. The Motion unnecessarily imposes upon Plaintiff, his undersigned counsel and this Court the time and attention required to respond to it and dispose of it.

3. Defendant's first argument for dismissal is, as to the sole claim of Plaintiff asserted in the Complaint,[1] a claim of discrimination under the federal Age Discrimination in

---

[1] Plaintiff has, in his Complaint, asserted a claim only under the federal Age Discrimination in Employment Act ("ADEA") (¶ 17). He has not asserted in his Complaint a claim under Title VII of the Civil Rights Act of 1964 nor has not asserted any claim under the Texas Labor Code ("TLC") although he has referred in his Complaint to claims under the Texas Labor Code being assertable upon issuance of a notice of right to file civil action from the Texas Workforce Commission ("TWC") just as any Title VII claim can be asserted only subject to issuance by the Equal Employment Opportunity Commission of a notice of right to sue. To minimize the potential need for the filing of multiple complaints to assert all of his potential claims, Plaintiff, has in his First Amended Complaint filed concurrently with this response, continued to assert an ADEA claim and referred to the assertability of a Title VII claim upon issuance of a notice of right to sue as well as continued to refer to the assertability of TLC claims upon the issuance of a notice of right to file civil action. Only as and when the EEOC issues a notice of right

PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(B)(6)
MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF – Page 1

Employment Act ("ADEA"), properly rejected. As evidenced by the documents attached as Exhibit 1, Defendant has been notified that Plaintiff had in fact filed a charge of discrimination on May 20, 2022 with respect to his termination on April 8, 2022 and Defendant was notified of that fact. This fact disposes of Defendant's claim that Plaintiff did not file a timely charge of discrimination under the ADEA within 300 days of termination for purposes of his and for purposes of his potential claim under Title VII of the Civil Rights Act. Plaintiff's having filed his charge, Defendant's exhaustion of remedies argument is explicitly precluded by 29 § U.S.C. 626(d)(1), an original provision of ADEA enacted in 1967. Section 626(d)(1) by its terms permits a civil action under the ADEA to be filed at any time after 60 days following the filing of a charge of discrimination without regard to issuance of a notice of right to sue. As the docket of this case reflects, this civil action was filed on October 12, 2022, more than 60 days after May 20, 2022. The notice to Defendant of Plaintiff's filing of his charge and unquestionable invalidity of Plaintiff's exhaustion of remedies argument as to Plaintiff's ADEA claim arguably makes Defendant's argument against Plaintiff's ADEA claim sanctionable but Plaintiff has determined not to pursue a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure in the interest of a focus on the merits of his claims in this civil action as opposed to the collateral issue of appropriate advocacy.

   4. Defendant's second argument for dismissal is brought under the authority of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>St. German v. Howard</u>, 556 F.3d. 261, 263 n.2 (5th Cir. 2009). Defendant contends that Plaintiff has not plead facts making out a prima facie case of age discrimination, his only currently live claim. That conclusion is clearly

---

to sue, and the TWC issues a notice of right to file civil action, will Plaintiff's Title VII and TLC claims be live claims in this civil action.

undermined by the facts actually plead in Plaintiff's Complaint so as to again arguably merit sanctions but, again, Plaintiff has determined not to pursue a motion for sanctions under Rule 11 for the reason stated. In all events, the facts plead in Plaintiff's First Amended Complaint, filed concurrently with this response,[2] are unquestionably adequate to satisfy the pleading requirements of Twombly, German and related Supreme Court authority, Ashcraft v. Iqbal, 556 U.S. 662 (2009). Specifically:

    (a)    At the stage of a motion to dismiss the Complaint under Rule 12(b)(6), Plaintiff, need not "show" or otherwise prove by admissible evidence all elements of any claim made in the Complaint, but, as Defendant concedes, at most, Plaintiff must simply allege facts plausibly satisfying each element of any such claim. In other words, in light of German and Iqbal, dictating that this Court accept as true all well-pleaded facts in the Complaint and view those facts in the light most favorable to the plaintiff (Bowlby v. City of Aberdeen, 681 F.3d 215, 219 (5th Cir. 2012)), this Court must simply determine whether the complaint, so regarded, states a claim for relief that is plausible on its face. 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. 556 U.S. at 602. In Iqbal, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." Iqbal, 556 U.S. at 664. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." Id.  The Fifth Circuit recognizes that "[t]his standard 'simply calls for

---

[2]    As permitted by Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.

enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" Morgan v. Hubert, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. In summary, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678.

    (b) Contrary to such applicable standard, dictated by Iqbal, as well as German and Twombly, Defendant asserts in the Motion that Plaintiff failed to plead "causation against Google." That is a strange contention in the context of a discrimination claim, again Plaintiff's only currently live claim, since causation is not an element of a discrimination claim. It seems, however, that what Defendant means to argue is not actually tied to any issue of causation. Defendant reveals its actual objection when it states that Plaintiff has not "plead the existence of a prima facie case," referring to a description of a prima facie case in a recent decision of the Fifth Circuit addressing a claim of sex discrimination under Title VII, not age discrimination under the ADEA, Saketkoo v. Administrates of Tulane Educational Fund, 31 F.4th 990, 998 (5th Cir. 2022), and earlier Title VII decisions, involving race, national origin and color discrimination in Alkhawdeh v. Dow Chemical Co., 851 F.3d 422, 426 (5th Cir. 2017) and race discrimination Lee v. Kansas City S. Railway Co., 574 F.3d 253, 259 (5th Cir. 2009). The very fact that none of those decisions involved the definition of a prima facie case of age discrimination under the ADEA makes them irrelevant, but even worse, they are otherwise irrelevant: Saketkoo and Alkhawdeh by the fact that the courts did not preclude replacement by a person outside the allegedly protected class, in the plaintiff's case or otherwise, as constituting evidence sufficient to establish the fourth element of a prima facie case, and in Lee by the fact

PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(B)(6)
MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF – Page 4

that it involved alleged disparate discipline leading to termination, which this case does not.³ 31 F. 4th at 997-998; 851 F. 3d at 426; 74 F. 3d at 279. As indicated below in more detail, the leading modern Fifth Circuit decision under the ADEA leaves no doubt the fourth element of a prima facie case may be established by disparate treatment, replacement by a person outside the protected class (in the case of the ADEA, someone under 40 or otherwise younger than the plaintiff) or <u>any other evidence</u> allowing for an inference that bias tainted the termination or other adverse action challenged by the plaintiff, necessarily including a pattern of replacement of multiple older employees, not limited to a plaintiff, by younger employees.

(c)     Defendant easily makes its prima facie case as to his actually asserted ADEA claim. Plaintiff addresses Defendant's argument in that regard in subparagraph (d) below, Defendant's argument related to Plaintiff's prima facie case supporting his yet-to-be-asserted Title VII sex discrimination claim—contending that Plaintiff does not satisfy the second or fourth element of a prima facie case under Title VII – is not yet necessary to address since Plaintiff's claim under Title VII not ripe at this time.

(d)     Defendant's argument of a lack of a prima facie case as to Plaintiff's actually asserted ADEA claim asserts, first, that Plaintiff has failed to assert facts to the effect that he was

---

³      <u>Lee</u>, as Defendant notes, albeit under Title VII, makes more favorable treatment under nearly identical circumstances an element of a prima facie case. The standard is properly limited to disparate discipline cases. 574 F.3d at 260 & n. 23, 26 (restriction on disparate treatment proof requiring "nearly identical" circumstances applies only in the context of a claim of discrimination of disparate discipline for misconduct); <u>Perez v. Texas Dept. of Criminal Justice</u>, 395 F.3d 206, 212 (5th Cir. 2004) (same). This is not a disparate discipline case, as Plaintiff has not conceded conduct subject to termination, but then based his claim of age discrimination on the ground that he was terminated under circumstances younger employees were not. In this action, therefore, substantial similarity is the measure of disparate treatment for purposes of applying a disparate treatment test as part of the fourth prima facie element. <u>Ysleta Independent School District v. Monarez</u>, 177 S.W.3d 915, 917-18 (Tex. 2005); <u>Autozone, Inc. v. Reyes</u>, 272 S.W.3d 588, 593, 594 (Tex. 2008).

replaced by anyone outside his protected class or younger. Motion at 7.[4] Defendant itself admits, however, at the very end of the sentence making its argument (id.), that Plaintiff in fact has alleged in his Complaint (in ¶15) that he was replaced by a substantially younger male employee. Id. That first argument, accordingly, is completely spurious, disproved, as it is, by the very allegations of the Complaint. Defendant's second argument is that Plaintiff, by alleging he was hired while over 40, and could thereby never allege an age discrimination claim. Id. No authority is offered for that position, and it is preposterous. Under Defendant's theory, no plaintiff could ever pursue an age discrimination claim unless first hired as an employee at the age of 39 or less by the defendant employer. Defendant's third argument is that Plaintiff must have alleged the specific age of his substantially younger replacement. Id. Again, no authority is offered for that proposition, and it is also obviously untenable since Plaintiff is necessarily allowed discovery to determine the specific age of a substantially younger replacement, as recognized by the Fifth Circuit in Morgan, cited above. Defendant claims, in that last regard, that all Plaintiff does is make "a formulaic recitation of the elements of his cause of action, which fails to meet the

---

[4]  Defendant contents that Plaintiff attempts to present a prima facie case in alleging, in conclusory fashion, that two other individuals substantially over 40 left it, not even by termination, and that it hired a substantially younger superior. Motion at 7. Defendant's characterization of Plaintiff's Complaint in that regard is crimped and misleading. Even in Plaintiff's Complaint, without regard to Plaintiff's First Amended Complaint, Plaintiff alleges a stunning pattern of "young-ization," involving replacement of his original superior by a substantially younger employee without comparable experience, hiring of two other substantially younger employees, one despite failure to consider another substantially older employee, and then a replacement by Plaintiff (effectively a demotion) by a substantially younger employee even before Plaintiff's final termination, as well as other terminations of employees and their replacement by substantially younger employees and hirings of employees substantially younger than existing employees in various components of Defendant's Google Cloud organization. Complaint, paragraphs 6-8. Even apart from Plaintiff's replacement by a substantially younger employee after his termination, that raft of consistent favor shown to younger employees over substantially older employees in terminations, replacements and hirings is by definition adequate to allow for an inference of age bias when the treatment of yet one more employee, Plaintiff, fits precisely the same pattern. If there were any doubt of the sufficiency of the pattern, Plaintiff's First Amended Complaint, in describing, as Defendant has wrongly complained is necessary at this stage, the approximate age of every older and younger employee part of the pattern, leaves nothing to the imagination in what it says about the predilection of Defendant toward age discrimination in its Google Cloud organization.

PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(B)(6)
MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF – Page 6

federal pleading standards under Twombly and Iqbal." Id. To the contrary, the Complaint is clearly adequate under those cases to state a plausible claim of age discrimination, easily overcoming the arguments made by Defendant, even if does not allege details to the extent that will certainly be possible after discovery.

6.      Even if this Court could consider Plaintiff's Complaint inadequate to extent, any defects have been cured by Plaintiff's First Amended Complaint. Indeed, the First Amended Complaint states, in multiple factual paragraphs, allegations supporting Plaintiff's current claim of age discrimination in an indisputably sufficient manner to establish a prima facie case on Plaintiff's ADEA claim, as reflected in the allegations of the Complaint in their original form and also in their revised (underlined) form in the First Amended Complaint attached as Exhibit 2. The First Amended Complaint further addresses the issue which Defendant suggested by its first argument for dismissal by alleging in paragraph 16 the filing of a timely charge of discrimination under the ADEA and TLC and filing of the Complaint in this civil action more than 60 days after May 20, 2022.

7.      As Defendant recognizes (Motion at 6-7), to establish a prima facie age discrimination claim, Plaintiff must allege facts that he (1) was a member of a protected class, (2) was qualified for the relevant position, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated individuals outside the group. Plaintiff has done so in his First Amended Complaint by alleging that he was over the age of 40 (paragraph 5), by alleging that he was qualified for his position (paragraphs 5, 10, 11, 12, 14), by alleging that he suffered adverse employment actions, including a termination of employment (paragraph 15), and by alleging that he was treated less favorably than other similarly situated individuals outside his protected class by being subjected to disparate treatment by comparison with

substantially younger employees by being terminated for pretextual reasons and then being replaced by a substantially younger employee (paragraphs 10, 11, 12, 13, 14, 15). Such allegations of the First Amended Complaint are necessarily sufficient to satisfy the fourth element of a prima face case under the ADEA[5] by constituting allegations of fact precisely corresponding to the elements of his necessary prima facie case so as to reasonably infer that Defendants took an adverse employment action because of Plaintiff's age. Indeed, Plaintiff establishes, in his First Amended Complaint, that he is a member of protected class not only by pleading his age but more specifically stating his date of birth (paragraph 5). Likewise, in support of the second element of a prima facie case, his qualification to hold the position he held at the time of his termination, the First Amended Complaint not only alleges that he was so qualified but refers to his being so qualified by sales experience during his employment by Defendant as well as based on his prior sales training and experience and that, notwithstanding purported criticisms of him, which were false, he continued to be employed and given a bonus (paragraphs 5, 10, 11, 12, 14). Third, in support of the third element of a prima facie case, an adverse employment action, Plaintiff's First Amended Complaint specifically alleges that the termination of his employment was involuntary (paragraph 15). Finally, in support of the fourth element of a prima facie case, incorrectly characterized by Defendants as limited to disparate treatment, Plaintiff's First Amended Complaint specifically alleges that he was one of numerous

---

[5] The fourth element of a prima facie case of discrimination can include not only disparate treatment between a plaintiff in a protected class and one or more other employees outside the protected class but may also be satisfied by proof of replacement by a person outside the plaintiff's protected class or any other evidence of age bias, including express or implicit statements of bias. Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309, 312-23 (5th Cir. 2004) (sufficient to show an age discrimination case under the ADEA, even if replacement by a person outside the protected class does not exist, to show that a plaintiff was "otherwise discharged because of his age," and also holding that discriminatory comments may satisfy prima facie case).

older employees subjected to disparate treatment, and then, like such other older employees, terminated or otherwise forced out of employment and replaced by a substantially younger employee (paragraph 6, 7, 8, 9, 12).

WHEREFORE, Plaintiff prays that this Court deny the Motion, and for any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 379-0843 Telephone
(214) 379-0840 Telecopy

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was forwarded to counsel of record via the Court's electronic filing system and/or via email on the __ day of December 2022.

Buena Vista Lyons
Texas Bar No. 00797630
David R. Anderson
Texas Bar No. 24128388
FORDHARRISON LLP
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701
vlyons@fordharrison.com
danderson@fordharrison.com

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.