UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY KEPLAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-2281-B |
| | § | |
| GOOGLE, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Jeffrey Keplar's Motion for Rule 11 Sanctions (Doc. 44) and Keplar's Amended Motion for Rule 11 Sanctions (Doc. 47), as well as Defendant Google, LLC ("Google")'s Motion to Strike (Doc. 45). For the reasons explained below, the Court **DENIES** both of Keplar's Motions and **DENIES** Google's Motion.

## I.

## BACKGROUND

Keplar filed a Rule 11 Motion for Sanctions on April 19, 2023, arguing that Google made several frivolous arguments in its third Motion to Dismiss. Doc. 44, Mot., 2. Google responded by filing a Motion to Strike the Rule 11 Motion because Keplar failed to comply with the safe harbor requirement of Rule 11. Doc. 45, Mot., 2. Keplar served Google with a draft of his Rule 11 Motion for Sanctions on March 29, 2023. *Id.* at 1. However, the Motion Keplar ultimately filed with the Court on April 19, 2023, differed from the draft he provided to Google. *See* Doc. 46, App'x, 19–37. Keplar subsequently filed the original Rule 11 Motion that he served Google with on April 28, 2023. Doc. 47, Am. Mot. Google seeks attorneys' fees for the costs it has incurred from responding

to the Rule 11 Motion. Doc. 45, Mot., 2. The Court considers the Motions below.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11 permits a party to move for sanctions when a non-moving party improperly certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument." FED. R. CIV. P. 11(b), (c)(2). Rule 11 also provides a "safe harbor" requirement, which states that any Rule 11 motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." FED. R. CIV. P. 11(c)(2).

## III.

## ANALYSIS

Keplar argues that Google's 12(b)(6) Motion to Dismiss contained frivolous arguments. Specifically, Keplar asserts that Google made frivolous arguments against Keplar's sex discrimination, breach of contract, and age discrimination claims. Doc. 44, Mot., 2–8. Google, in response, requests the reasonable attorneys' fees it has incurred from responding to Keplar's Motion for Sanctions. Doc. 45, Mot. The Court denies both requests.

Keplar's Rule 11 Motions for Sanctions (Docs. 44 and 47) are denied because Keplar failed to follow the safe harbor procedure required by Rule 11 and because Google's motion practice did not violate Rule 11. While Keplar served Google with a draft of his Motion, the Motion he initially filed with the Court on April 19, 2023, differs significantly from the draft provided to Google. *See* Doc. 46, App'x, 19–37 (illustrating via redline the differences between Keplar's two Motions). Despite Keplar's arguments to the contrary, courts strictly construe Rule 11 to require that movants

serve the same motion that they subsequently file with the court. *SortiumUSA, LLC v. Hunger*, 2014 WL 1080765, at *3–4 (N.D. Tex. Mar. 18, 2014) (Lynn, J.) (denying a Rule 11 Motion because the movant did not serve the same motion that it later filed with the court) (citations omitted). Keplar's failure to comply with Rule 11's procedural requirements—notwithstanding his attempt to remedy the mistake by later filing the original draft—alone is a ground for denying the Motion. *See Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (affirming denial of the motion for Rule 11 sanctions because the parties failed to comply with the safe harbor requirement).

Separately, the Court also denies the Motions because Google did not make any frivolous arguments in its Motion to Dismiss. Keplar filed his Rule 11 Motion for Sanctions while Google's 12(b)(6) Motion to Dismiss was still pending. The Court has since ruled on Google's Motion, granting it in part and denying it in part. Doc. 64, Mem. Op. & Order, 1. The Court dismissed Keplar's sex discrimination and breach of contract claims for failing to state a claim. *Id.* at 10, 12. Additionally, the Court dismissed these claims with prejudice because it would have been futile to give Keplar the chance to amend his complaint. *Id.* at 14–15. Therefore, the Court finds that Google's arguments regarding these claims were not frivolous.

The Court, however, denied Google's Motion to Dismiss with respect to Keplar's age discrimination claims. Google argued that Keplar "simply [made] out a formulaic recitation of the elements of his age discrimination claim." Doc. 42, Reply, 8. Although the Court disagreed with this argument, Keplar has failed to show Google's arguments warrant Rule 11 sanctions. *See* Doc. 64, Mem. Op. & Order, 14. Therefore, the Court denies Keplar's Motions for Rule 11 Sanctions.

Google requests the attorneys' fees it incurred from responding to Keplar's Rule 11 Motions for Sanctions—the Court denies this request. "If warranted, the court *may* award to the prevailing party the reasonable expenses, including attorney's fees, incurred" from responding to a Rule 11

motion. FED. R. CIV. P. 11(c)(2) (emphasis added). While the Court denies Keplar's Motions for Rule 11 Sanctions, the Court declines to exercise its discretion to award Google its attorneys' fees.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Keplar's Motions for Rule 11 Sanctions (Docs. 44 and 47), and the Court **DENIES** Google's request for its attorneys' fees.

SO ORDERED.

SIGNED: January 2, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE