IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY KEPLAR, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:22-CV-02281-B |
| | § | |
| vs. | § | |
| | § | |
| GOOGLE, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT GOOGLE, LLC'S MOTION FOR LEAVE
FOR SEAL ON APPENDIX TO REMAIN; OR, IN THE ALTERNATIVE,
LEAVE TO RE-FILE REDACTED APPENDIX**

Defendant Google, LLC ("Google") hereby files this Motion for Leave in response to the Court's February 22, 2024 Order [DKT. 98], to justify the sealing of its Appendix to Defendant Google's Motion for Summary Judgment and Brief in Support Thereof [DKT. 97] ("Appendix"), or in the alternative, leave to re-file a redacted version of the Appendix after the Court first has an opportunity to review and approve the redacted portions *in camera*. In support, Google respectfully states the following:

I.   **BACKGROUND AND RELEVANT FACTS**

Significant portions of the Appendix contain highly confidential documents and testimony regarding commercially sensitive information about Google clients, financial data, customer details, customer projects, internal business strategies, and other proprietary information about Google's cloud computing division ("Google Cloud")-including revenue projections, sales quotas, performance metrics, current and prospective client information, marketing strategies, sales initiatives and other information which, if disclosed, could result in irreparable harm to Google's competitive interests in the marketplace. [DKT. 97]. The Appendix also contains confidential

information about current and former employees of the Google Cloud organization-including their respective backgrounds, reasons for recruitment, reasons for separation (if applicable), performance ratings, compensation information (including benefits offered to various employees at the company), and other information that, if revealed, would result in public disclosure of Google's recruitment, performance rating, and retention strategies and policies, which could be used in an anti-competitive manner. [*Id.*].

Anticipating the necessity of providing this information (as the underlying claims in this case involve the termination of a former sales director in Google Cloud), the parties filed a Stipulated Protective Order, which the Court entered on July 26, 2023. [DKT. 54].[1] Thereafter, in accordance with the Stipulated Protective Order, Google produced documents to Plaintiff Jeffrey Keplar containing the above-referenced confidential information. It also allowed witnesses to testify about the same during deposition. [DKT. 97].

Indeed, Google produced documents about Plaintiff's[2] (and other current and former sales employees') sales quota goals, sales quota achievement, customer prospects, current clients, current and prospective sales initiatives, and brokered sales (including years-long projects) as well as other personal and confidential matters (*e.g.*, reasons for separation or retention efforts of current and former employees in the Google Cloud organization (as applicable), information about benefits offered to employees, etc.). [DKT. 97].[3] Likewise, Google made several current and

---

[1] The terms of the Stipulated Protective Order allow a party to designate documents and/or testimony as "Confidential" as well as "Confidential – Attorneys Eyes Only." [DKT. 54].

[2] Plaintiff was formerly employed by Google as a Director of Payments in the Financial Services Industry ("FSI") vertical. [DKT. 97, DEF. APP. 229].

[3] The other employees about whom Google disclosed some or all of this information includes: other FSI Directors (Roman Kochanowsky (Director of Banking), Reed Overby (Director of Insurance), Rohit Bhat (Director of Capital Markets), Ivan Fernandez (Plaintiff's replacement));

former employees available for deposition who, including Plaintiff, testified about some or all the above-referenced confidential information:

- Plaintiff Jeffrey Keplar, former Director of Payments, on September 7, 2023;
- Elizabeth Elkins, former Head of Payments and Banking, on November 29, 2023;
- Rasika Saikia, Human Resources Professional, on December 12, 2023;
- Yolande Piazza, current VP of Financial Services, on December 19, 2023;
- Philip Moyer, current VP of Strategic Industries, on February 14-15, 2024;
- Yolande Piazza, (in her capacity as a 30(b)(6) corporate deponent), on February 15, 2024.

[DKT. 97, DEF. APP. 1-574]. Importantly, all (or virtually all) these witnesses testified about documents marked "Confidential" or "Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order.[4] And, during at least two depositions (taken by Plaintiff's counsel), documents marked "Confidential - Attorneys' Eyes Only" were published and discussed without an instruction by Plaintiff's counsel to have Plaintiff leave the deposition proceedings–which Google believes was a deliberate failure to adhere to the strict terms of the Stipulated Protective Order. [DKT. 102, DEF. APP. 005, 111-112].[5]

Accordingly, when filing its Appendix, Google undertook the proactive measure to redact from certain documents and deposition testimony the names of current and prospective clients, certain financial information about its customer base, and other information not needed for purposes of adjudicating Google's Motion for Summary Judgment. [*See e.g.*, DKT. 97, DEF. APP. 17, 21-22, 24-25, 39, 67, 105-106, 147-157, 165-183]. However, significant portions of the

---

other subordinates in the organization (so-called Key Account Directors ("KADs")); and employees outside the FSI vertical. [DKT. 97, DEF. APP. 49-50, 74-76, 358-360, 362, 372-373, 398, 400-402, 406, 430, 543-544 565-566, 580-583, 606-612].

[4] Notably, Plaintiff has not taken any step (formal or informal) to challenge Google's "Confidential" or "Confidential – Attorneys' Eyes Only" designations under the Stipulated Protective Order.

[5] This misconduct is discussed at length in Google's Cross Motion for Sanctions. [DKT. 101-102].

Appendix contain sensitive information that could not be redacted because the substance of the information is needed for the Court to adjudicate Google's pending dispositive motion (*e.g.*, the specific quota attainment goals of Plaintiff and Plaintiff's possible comparators, the status of certain sales contracts Plaintiff failed to close, the status of sales contracts closed by others after Plaintiff was terminated, the structure of Google's sales organization, the backgrounds of Google's sales personnel, Google Cloud's recruitment and sales strategies, etc.). [DKT. 97, DEF. APP. 18-20, 22-24, 49-50, 74-76, 106, 248, 251-254, 258-259, 264, 265-267, 278, 351-356, 378-379, 381-382, 398, 402-403, 411-417, 429-430, 438-439, 458-459, 462-464, 466, 483-487, 519-520, 583].[6] Because the information permeates most (if not all) documents and testimony included in the Appendix, Google respectfully moves for leave to keep its Appendix filed under seal or, in the alternative, be allowed to provide the Court with a further redacted version of the Appendix to approve for filing unsealed.

## II.   LEGAL STANDARD

There is a "presumption in favor of the public's access to judicial records." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993), *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978), and *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). Accordingly, when determining whether to seal judicial records, the Court "must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848, *citing Nixon*, 435 U.S. at 599. Records are sealed where the party seeking to seal provides "sufficiently compelling reasons" to override the presumption of access. *Select Interior Concepts, Inc. v. Pental*, 3:20-cv-295-L, 2020 U.S. Dist. LEXIS 78630 **6-7 (N.D. Tex. May 5, 2020) (Lindsay, J. presiding), *quoting Apple*

---

[6] This is not an exhaustive list of all examples of sensitive information.

*Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). While the presumption is "not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily'" (*Van Waeyenberghe*, 990 F.2d at 848 (*quoting Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)), and the "decision must be made in light of the 'strong presumption that all trial proceedings should be subject to scrutiny by the public.'" (*United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

Nevertheless, the Fifth Circuit recognizes that sealing evidence may be appropriate to protect confidential business information. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *Doe v. A Corp.*, 709 F.2d 1043, 1044, n.1 (5th Cir. 1983) (affirming the filing of documents under seal "to prevent possible disclosure of confidential information concerning [a company's] affairs"); *Decapolis Grp., LLC v. Mangesh Energy, Ltd.*, No. 3:13-CV-1547-M, 2014 WL 702000, at *2 (N.D. Tex. Feb. 24, 2014) (granting a motion to seal an arbitration award in part to protect sensitive business information such as strategic data); *Littlejohn v. Bic Corp.*, 851 F.2d 673 678 (3rd Cir. 1988) ("courts may deny access to judicial records where they are sources of business information that might harm a litigant's competitive standing"); *Nixon*, 435 U.S. at 598.

Likewise, courts recognize the need for a sealing order where a non-party's private and non-public information is necessary to disclose during the litigation *Binh v. King & Spalding* LLP, 2022 WL 130879, at *3 (S.D.Tex., 2022) (sealing appropriate when documents contain "confidential business information" and public disclosure "might place the signatory parties at a competitive disadvantage in future negotiations.) And, importantly, that parties in litigation agree to keep certain documents confidential further supports a sealing order. *Seals v. Herzing Inc.-New*

*Orleans*, 482 Fed.Appx. 893, 896 (5th Cir. 2012) (affirming district court's grant of a motion to seal in part "[i]n light of the parties' agreement to maintain confidentiality").

### III. ARGUMENT

The Stipulated Protective Order mandates the safeguarding of confidential information in this case. As demonstrated above and below, Google provided to Plaintiff significant confidential and highly confidential information during discovery, which it relied on when filing its dispositive motion. To safeguard that information, protect Google from anti-competitive behavior, and protect the privacy interests of non-parties in this case, Google respectfully requests that the Court continue to treat its Appendix as sealed.

#### A. The Appendix Includes Google's Confidential Financial Information

This Court has broad discretionary power to seal records. *Willie Nelson Music Co., v. Commissioner of Internal Revenue*, 85 T.C. 914 (U.S. Tax Ct. 1985) *citing Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 430-4 (5th Cir. 1981). Indeed, courts in this Circuit have already explained that the task is simply to "balance the common law right of access against any interests favoring non-disclosure." *See e.g., Udoewa v. Plus4 Credit Union,* 754 F.Supp.2d 850 (S.D.Tex., 2010). Importantly, the public's right to access court records can be rebutted by countervailing interests, and historically, records have been sealed where trade secrets and other types of confidential information are involved. *Willie Nelson Music Co., v. Commissioner of Internal Revenue*, 85 T.C. 914 (U.S. Tax Ct. 1985).

As set forth above, a significant portion of the evidence contained in Google's Appendix contains confidential business information regarding Google Cloud's sales efforts in the FSI vertical as well as information about Google Cloud's overall competitive market strategies throughout the organization. [DKT. 97, DEF. APP. 248, 259, 265-267, 424-426, 483-485, 501, 513-514, 557]. By way of example only, the Appendix includes information relating to actual and

potential sales projects in progress with current and prospective customers to provide cloud computing services in the financial services industry. [DKT. 97, DEF. APP. 265-267, 424-426, 483-485]. It also includes information related to sales quotas assigned to a variety of industry-specific sub-verticals in the financial services industry, which directly correlate to Google's market strategies and proprietary market share information. [DKT. 97, DEF. APP. 259, 583]. The Appendix further includes the actual quota attainment of individuals in each of these sub-verticals over nearly a five-year period, thereby providing potential competitors a "roadmap" of Google's proprietary market strategies. [DKT. 97, DEF. APP. 583]. This is the very kind of information the Court should seal from public disclosure–as it has the propensity for harming Google's competitive standing in the marketplace. *See*, e.g., *W. Penn Allegheny Health Sys., Inc. v. UPMC*, No. 2:12-CV-0692-JFC, 2013 WL 12141532, at *19 (W.D. Pa. Sept. 16, 2013) (courts routinely recognize the disclosure of rates and pricing information would harm a party's competitive standing); *Lackey v. Dement*, 2019 WL 3238896, at *7 (W.D.Tex., 2019); *Cellular Communications Equipment, LLC. v. Apple Inc.*, 2017 WL 10311215 (E.D.Tex., 2017) (sealing pricing terms and market research reports based on the need to preserve the confidentiality of such information).

This information is not available to the public and the potential misuse or misinterpretation of the disclosed information could have far-reaching implications beyond the scope of this litigation. Likewise, virtually every deponent in this case testified about this very information throughout their respective depositions. Accordingly, sealing the Appendix from public disclosure strikes the correct balance between the public's right to access and Google's right to protect its intellectual property. Alternatively, Google requests it be allowed to provide the Court with a further redacted version of the Appendix to approve for filing unsealed.

### B.     The Appendix Includes Private Information About Non-Parties

As explained above, the Appendix contains private information about non-parties in this case, including persons who could be potential comparators, as well as several individuals who cannot. [DKT. 97, DEF. APP. 49-50, 74-76, 358-360, 362, 372-373, 398, 400-402, 406, 430, 543-544 565-566, 580-583, 606-612].[7] Importantly, the information included in the Appendix about these individuals involves their educational and professional backgrounds, information about their prior work history with other companies,[8] their performance at Google, and, where applicable, the reasons for separation (resignation/termination). (*Id.*). It also includes information about potential separations that may be executed in the future based on performance. [DKT. 97, DEF. APP. 400-402].

While Google understands the need for Plaintiff to have access to this information for purposes of making his arguments about his purported disparate treatment, disclosing this information publicly not only would violate the privacy interests of the persons involved *Carter v. Southwest Airlines Co.*, 2022 WL 283025, at *2 (N.D.Tex., 2022), but would also disclose non-public potential personnel decisions contemplated by Google–thereby infringing on its confidential business information and plans.

And, because this information, too, permeates most of the record evidence in this case, Google respectfully requests that its Appendix remain sealed or, in the alternative, that it be

---

[7] Google disputes that any comparator outside of Ivan Fernandez exists in this case. Nevertheless, Google permitted Plaintiff to explore, within reason, the "similarly situated" nature of other persons in his vertical and outside his vertical during discovery.

[8] In at least one example, the questioning of a witness involved information that may be protected by a confidentiality agreement the witness executed with a prior employer. [DKT. 97, DEF. APP. 455-456].

DEFENDANT GOOGLE, LLC'S MOTION FOR LEAVE FOR SEAL ON APPENDIX TO REMAIN; OR, IN THE ALTERNATIVE, LEAVE TO RE-FILE REDACTED APPENDIX – PAGE-8

allowed to provide the Court with a further redacted version of the Appendix to approve for filing unsealed.

### C. Filing the Appendix Under Seal Further Protects Information Marked "Confidential – Attorneys Eyes Only"

Plaintiff has inappropriately violated the Stipulated Protective Order by disclosing information marked "Confidential – Attorneys' Eyes Only" to unauthorized persons in this case. Indeed, in two different depositions, Plaintiff's counsel asked questions about documents marked "Confidential – Attorneys' Eyes Only" without first requiring Plaintiff to leave the proceedings. [DKT. 101; DKT. 102, DEF. APP. 005, 111-112].[9] As the information described above involves commercially sensitive financial information and information about current and former non-party employees of Google, the Court's decision to maintain the Appendix under seal further promotes the protection of this highly confidential information from additional inappropriate disclosures by Plaintiff in violation of the Stipulated Protective Order in this case.

### D. Plaintiff Agreed to Maintain The Confidential Nature of This Information

Maintaining Google's Appendix under seal will not prejudice Plaintiff. Indeed, Plaintiff still has access to this information pursuant to the Protective Order in this case. [DKT. 54]. And, Plaintiff has taken no formal or informal steps to request that any of the information designated by Google as "Confidential" or "Confidential – Attorneys Eyes Only" be reduced or removed from the Stipulated Protective Order's protection. [DKT. 54]. *Seals v. Herzing Inc.-New Orleans*, 482 Fed.Appx. 893, 896 (5th Cir. 2012) (affirming district court's grant of a motion to seal in part "[i]n light of the parties' agreement to maintain confidentiality"); *Varsity Gay League LLC v. Nichols*, 2023 WL 5284842 (N.D.Tex., 2023) (maintenance of confidentiality during arbitration, in part, supported request for motion to seal settlement agreement).

---

[9] These instances are discussed in detail in Google's Cross Motion for Sanctions. [DKT. 101-102].

### E. Google's Request to Further Redact If The Appendix Is Unsealed

To the extent the Court determines that the Appendix should be unsealed, Google requests ten (10) calendar days to further review the Appendix and determine whether any highly confidential information contained in the Appendix may need to be redacted to protect it from being disclosed publicly. Granting such relief is consistent with the Court's broad discretionary powers and is consistent with the parties' entry and treatment of information disclosed in this case pursuant to the Stipulated Protective Order. [DKT. 54].

### IV. CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court grant its Motion for Leave in response to the Court's February 22, 2024 Order [DKT. 98] to keep its Appendix filed under seal or, in the alternative, allow Google to provide the Court with a further redacted version of the Appendix to approve for filing unsealed, and for all further relief at law and/or equity to which Google has shown itself entitled.

Respectfully submitted,

By:  /s/ *Buena Vista Lyons*
Buena Vista Lyons
Texas Bar No. 00797630
vlyons@fordharrison.com
David R. Anderson
Texas Bar No. 24128388
danderson@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

**ATTORNEYS FOR DEFENDANT GOOGLE, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendant, Buena Vista Lyons contacted counsel for Plaintiff to confer about the relief set forth in this Motion. As of the time of this filing, counsel for Plaintiff indicated "Plaintiff cannot properly take a position [on the relief sought] because it is an issue raised on the Court's own motion."

/s/ *Buena Vista Lyons*
Buena Vista Lyons

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2024, I electronically filed the foregoing ***Defendant Google, LLC's Motion for Leave For Seal On Appendix To Remain; Or, In The Alternative, Leave To Re-File Redacted Appendix*** with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

Robert E. Goodman, Jr.
reg@kilgorelaw.com
Dorothy E. Masterson
dem@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 379-0823 Telephone
(214) 379-0840 Telecopy

/s/*Buena Vista Lyons*
Buena Vista Lyons