IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY KEPLAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2281-B |
| | § | |
| GOOGLE, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S THIRD
MOTION TO COMPEL AND SECOND MOTION FOR SANCTIONS**

Plaintiff Jeffrey Keplar filed a Third Motion to Compel and Second Motion for
Sanctions. *See* Dkt. No. 135.

Defendant Google, LLC filed a response, *see* Dkt. No. 136, and Keplar filed a
reply, *see* Dkt. No. 138.

For the reasons explained below, the Court denies Keplar's Third Motion to
Compel and Second Motion for Sanctions [Dkt. No. 135].

**Background**

The Court's initial Scheduling Order, entered on February 7, 2023, provided
that, "[b]y November 27, 2023, all discovery – including discovery concerning expert
witnesses – shall be completed"; that "[t]he parties generally may agree to extend
this discovery deadline, provided: (1) the extension does not affect the trial setting,
dispositive motions deadline, challenges to experts deadline, or pretrial submission
dates; and (2) written notice of the extension is given to the Court," "[b]ut the Court

always retains the right to reject an agreed extension if it finds that the parties are failing to move the case expeditiously"; that "[a]ny motion to compel discovery or for a protective order must be filed by the later of: (1) 14 days before the completion-of-discovery deadline; or (2) 10 days after the discovery response at issue was served or due to be served"; and that "[a]ny other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information must be filed by 3 days after the completion-of-discovery deadline." Dkt. No. 25 at 3. The Scheduling Order also mandated that it "controls the disposition of this case unless it is modified by the Court on a showing of good cause and by leave of court." *Id.* at 8 (citing FED. R. CIV. P. 16(b)(4)).

The Court later granted in part and denied in part Plaintiff Jeffrey Keplar's Unopposed Expedited Motion for Extension of Pretrial Deadlines and Continuance of Trial [Dkt. No. 58] and entered a September 14, 2023 Amended Scheduling Order, which set January 22, 2024 as the deadline for completion of discovery and directed that "[t]he parties should reference the original scheduling order (Doc. 25) for details regarding the individual deadlines and the requirements to comply with those deadlines." Dkt. No. 60 at 1.

On November 29, 2023, Plaintiff Jeffrey Keplar filed a Motion to Compel. *See* Dkt. No. 66. Keplar asked the Court (1) to order the deposition of Phil Moyer, the VP of Global AI Business and Solutions of Defendant Google, LLC's Google Cloud organization, and (2) to order the deposition of one or more of Google's corporate

representatives under Federal Rule of Civil Procedure 30(b)(6) to address (a), as relevant to Plaintiff's age discrimination claim, the ages, qualifications, and circumstances of separation, reduction in scope of duties, demotion, or replacement of employees of Google employed concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part and (b), as relevant to Plaintiff's ERISA claim, the identity and circumstances of separation, if any, of so-called Level 8 employees of Google employed concurrently with Keplar in the Google Cloud sales organization along with Keplar. *See* Dkt. No. 76 (summarizing Keplar's requested relief on the Motion to Compel).

On December 19, 2023, Keplar served Google with Plaintiff's First Set of Interrogatories to Defendant and Plaintiff's Second Request for Production to Defendant. *See* Dkt. No. 92-3. Those included the following requests:

- REQUEST FOR PRODUCTION NO. 2: All documents referring to or evidencing the age of Level 7 and 8 employees in the Google Cloud sales organization during the period from one year before Plaintiff worked there to the present.
- INTERROGATORY NO. 6: State the age of each of the following persons on the date that such person was hired by Defendant: Bob Allison, Jeff Keplar, George Barnes, Yolande Piazza, Erin Williams, Russ Kole, Justin DeCastri, Nigel Walsh, Reed Overby, Elizabeth Elkins, Roman Kochanowsky, Teena Piccione, David Ooley, Jeff Perry, Jenn Smetana, Ivan Fernandez, Emily Walsh, Sam Maule, Dan Greve, Michael Thomas, Toby Velte, John Froese, Andrea Austin and Joe Johnston.
- INTERROGATORY NO. 7: Identify all employees in the Google Cloud sales organization who did not meet their B1 and/or B2 goals from 2018 to 2022.

Dkt. No. 92-3 at 4, 9 of 10.

After hearing oral argument from Keplar's counsel and Google's counsel on

January 8, 2024 on Keplar's Motion to Compel [Dkt. No. 66], the Court granted in part and denied in part that motion. In the January 9, 2024 Electronic Order, the Court explained and ordered that,

> [a]fter narrowing the relief that he seeks in his reply, Keplar asks the Court (1) to order the deposition of Phil Moyer, the VP of Global AI Business and Solutions of Defendant Google, LLC's Google Cloud organization, and (2) to order the deposition of one or more of Google's corporate representatives under Federal Rule of Civil Procedure 30(b)(6) to address (a), as relevant to Plaintiff's age discrimination claim, the ages, qualifications, and circumstances of separation, reduction in scope of duties, demotion, or replacement of employees of Google employed concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part and (b), as relevant to Plaintiff's ERISA claim, the identity and circumstances of separation, if any, of so-called Level 8 employees of Google employed concurrently with Keplar in the Google Cloud sales organization along with Keplar.

Federal Rule of Civil Procedure 37(a) generally governs motions to compel discovery but does not, by its terms, address a motion to compel a party to appear for a deposition. See Fed. R. Civ. P. 37(a). The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Rule 37(d)(1)(A) if and when the deponent fails to appear. *See generally Robinson v. Dallas Cty. Cmty. Coll. Dist.*, No. 3:14-cv-4187-D, 2016 WL 1273900, at *2 (N.D. Tex. Feb. 18, 2016).

But, "[u]nlike Rule 37, which allows a court to grant a motion to compel only after a party has failed to appear for a properly noticed deposition, [Federal Rule of Civil Procedure] 26(c)(1) allows a party or nonparty from whom discovery is sought to move for a protective order so long as that person has 'in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.'" *Dang ex rel. Dang v. Eslinger*, No. 6:14-cv-37-Orl-21TBS, 2014 WL 3611324, at *2 (M.D. Fla. July 22, 2014). Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in

those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n,* 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985).

"Under somewhat similar circumstances, even where the movant has not served a notice of deposition or subpoena, other courts have treated a response to a motion to compel a deposition as a motion for a Rule 26(c)(1) protective order or have otherwise decided the fully-briefed issues so long as they were sufficiently defined and concrete." *Robinson,* 2016 WL 1273900, at *4. And, here, where Google is effectively asking for a protective order from taking these depositions and the issues have been fully argued to the Court, and in light of the impending "expiration of the discovery period," the Court declines Google's invitation to deny the motion because Keplar has not served deposition notices and instead "elects to follow these courts' lead, treat [Google's] response as a request for a Rule 26(c)(1) protective order, and address the merits of the dispute as to whether [Google] should be ordered to" produce these witnesses for deposition. *Id.* at *5.

As to the deposition of Phil Moyer, assuming that he qualifies as a high-level executive subject to the federal counterpart of Texas's "Apex doctrine," the Court finds that his testimony regarding Keplar and his alleged or acknowledged involvement in the review and rating of Keplar and the decisions to discipline and then terminate Keplar are relevant to Keplar's claims. In short, Keplar seeks to question Mr. Moyer about relevant facts of which he has unique personal knowledge and that cannot be discovered through "less intrusive means," including the depositions that have already been taken of Yolanda Piazza and Elizabeth Elkins and, if such a finding is called for, the Court therefore finds, under the circumstances, "exceptional" or "extraordinary" circumstances to permit this deposition. *See Gaedeke Holdings VII, Ltd. v. Mills,* No. 3:15-mc-36-D-BN, 2015 WL 3539658, at *3-*4 (N.D. Tex. June 5, 2015).

As to the 30(b)(6) topics, courts do limit discovery in this context to information on current or former employees who could be a plaintiff's comparators -- that is, who are sufficiently similar to Keplar for these purposes. And the Court is persuaded that, as Google argues, Keplar's supervisor and subordinates (that is, here, individual contributors who were supervised by directors such as Keplar) are not sufficiently similarly situated to warrant discovery under Federal Rule of Civil Procedure 26(b)(1). *See generally Grimes v. Wal-Mart Stores Texas, L.L.C.,* 505 F. App'x 376, 379 (5th Cir. 2013); *Lee v. Kansas City S. Ry. Co.,* 574 F.3d 253, 260-61 (5th Cir. 2009); *Amezquita v. Beneficial Texas,*

*Inc.*, 264 F. App'x 379, 386 (5th Cir. 2008). But, as Google acknowledges, Ivan Fernandez, the employee who replaced Keplar after his termination, might be considered a comparator. The Court finds, under Rules 26(b)(1) and 30(b)(6), that Google must present a corporate representative to testify regarding the ages, qualifications, and circumstances of separation, reduction in scope of duties, demotion, or replacement of any employees of Google, including Mr. Fernandez, who were employed as directors (the same level as Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part and regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part.

Without opposition, the Court will also grant Googles requested protective order to require that, in any deposition taken going forward in this case, (1) all counsel of record must be visible on camera; visibility requires that the counsel's face must not be obscured from the witness or other participants; (2) all participants to a deposition proceeding must announce their presence in the deposition if participating by remote means; (3) all Orders of the Court (including the [54] Stipulated Protective Order) must be observed, and any person prohibited from reviewing a document marked "Attorneys Eyes Only" must leave the deposition before the document is revealed, before questions about the document are asked, and before the document is introduced as an exhibit; (4) counsel for the parties must allow both witnesses and opposing counsel requested breaks when no question is pending; and (5) counsel examining any witness must allow the witness to fully complete his or her answer to any question asked without interruption or other misconduct to impede the answer. *See generally* Fed. R. Civ. P. 30(b)(5)(B), 30(c)(2).

Finally, after considering all the circumstances here, the Court determines that, under Federal Rule of Civil Procedure 37(a)(5)(C), the parties will bear their own expenses, including attorneys' fees, in connection with this motion.

Dkt. No. 76.

On January 29, 2024, "after Plaintiff's agreement to an extension of the time for Defendant to respond to" Keplar's discovery requests served on December 19, 2023, Dkt. No. 79 at 3, Google served Keplar with Defendant Google, LLC's

Responses and Objections to Plaintiff's First Set of Interrogatories and Defendant's

Responses and Objections to Plaintiff's Second Requests for Production to Defendant,

*see* Dkt. No. 82. Those included the following responses and objections:

- REQUEST FOR PRODUCTION NO. 2: All documents referring to or evidencing the age of Level 7 and 8 employees in the Google Cloud sales organization during the period from one year before Plaintiff worked there to the present.
  **RESPONSE:** Defendant objects to Request No. 2 as overly broad, unduly burdensome and not relevant to the claims or issues of this litigation and is not proportional to the needs of the case in that it requests information about all "Level 7 and Level 8 employees in Google Cloud sales organization" and therefore is not sufficiently limited in time and scope. Defendant further objects to Request No. 2 to the extent it requires Defendant to provide information that exceeds the information Defendant is required to provide pursuant to the Magistrate Judge's ruling on the proper scope and span of comparator information proportional to the needs of the case. [DKT. 76]. Subject to, without waiving, and consistent with the foregoing general and specific objections, Defendant refers Plaintiff to Defendants Responses and Objections to Interrogatory No. 6.

- INTERROGATORY NO. 6: State the age of each of the following persons on the date that such person was hired by Defendant: Bob Allison, Jeff Keplar, George Barnes, Yolande Piazza, Erin Williams, Russ Kole, Justin DeCastri, Nigel Walsh, Reed Overby, Elizabeth Elkins, Roman Kochanowsky, Teena Piccione, David Ooley, Jeff Perry, Jenn Smetana, Ivan Fernandez, Emily Walsh, Sam Maule, Dan Greve, Michael Thomas, Toby Velte, John Froese, Andrea Austin and Joe Johnston.
  **RESPONSE:** Defendant objects to Interrogatory No. 6 on the basis that it seeks information not relevant to the claims and issues in this action and is not proportional to the needs of the case. Defendant further objects to Interrogatory No. 6 to the extent it requires Defendant to provide information that exceeds the information Defendant is required to provide pursuant to the Magistrate Judge's ruling on the proper scope and span of comparator information proportional to the needs of the case. [DKT. 76]. Subject to, without waiving, and consistent with the foregoing general and specific objections, Plaintiff already knows his age on the date he was hired by Defendant and Defendant will supplement its answer limited to the scope of the Magistrate Judge's Order [DKT. 76].

- INTERROGATORY NO. 7: Identify all employees in the Google Cloud sales organization who did not meet their B1 and/or B2 goals from 2018 to 2022.

  **RESPONSE:** Defendant objects to Interrogatory No. 7 on the basis that it is overly broad and unduly burdensome in that it seeks information not relevant to the claims and issues in this action and is not proportional to the needs of the case because it seeks information related to "all employees in the Google Cloud sales organization." Defendant further objects to Interrogatory No. 7 to the extent it requires Defendant to provide information that exceeds the information Defendant is required to provide pursuant to the Magistrate Judge's ruling on the proper scope and span of comparator information proportional to the needs of the case. [DKT. 76]. Subject to, without waiving, and consistent with the foregoing general and specific objections, Defendant will supplement its answer limited to the scope of the Magistrate Judge's Order [DKT. 76].

Dkt. No. 82 at 13-14, 21 of 23.

On February 6, 2024, Keplar filed an Emergency Motion to Enforce Order on Motion to Compel and Extend Discovery Period as Necessary, and to Compel Responses to Interrogatories, Requests for Admission and Document Requests. *See* Dkt. No. 79. Keplar asked the Court to "order that Defendant fully answer at the earliest possible time the interrogatories, requests for admission and document requests, including, as indicated in connection with Plaintiff's motion to enforce the order of Magistrate Judge Horan, requiring the production of documents specifically relevant to the corporate representative deposition or depositions prior to such deposition or depositions occurring." *Id.* at 4.

But the parties then filed a Joint Notice on February 8, 2024, reporting on an agreement that they reached regarding the disputes raised in the emergency motion and providing "as follows:

- The deposition of Philip Moyer shall take place remotely on February 14, 2024, beginning at 10:00 a.m. CT;
- The deposition of Google's Corporate Deponent shall take place remotely on February 15, 2024 beginning at 1:30 p.m. CT; and
- In advance of Google's Corporate Deponent deposition, Google will supplement to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76] its responses to Plaintiff's First Interrogatories, Requests for Admission and Document Requests and will provide responsive documents to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76]."

Dkt. No. 83 at 1. And the Joint Notice reports that "the parties further agree that Court involvement regarding [the emergency motion] is unnecessary at this time." *Id.* at 2.

But the parties then contacted the Court on February 14, 2024 regarding a dispute related to the scope of Phil Moyer's deposition testimony that the Court had previously ordered in granting in part and denying in part Keplar's Motion to Compel. *See* Dkt. Nos. 76 & 86. The Court held an emergency telephone conference on February 14, 2024 on this Oral Motion for Clarification of the Court's Previous Order [Dkt. No. 85] and provided the requested clarification. *See* Dkt. No. 87.

On February 15, 2024, Google served Keplar with Defendant Google, LLC's First Supplemental/Amended Responses and Objections to Plaintiff's First Set of Interrogatories and Defendant's First Supplemental/Amended Responses and Objections to Plaintiff's Second Requests for Production to Defendant, *see* Dkt. Nos. 105-4 & 105-5. Those included the following supplemental responses and objections:

- REQUEST FOR PRODUCTION NO. 2: All documents referring to or evidencing the age of Level 7 and 8 employees in the Google Cloud sales organization during the period from one year before Plaintiff worked

there to the present.

**RESPONSE:** Defendant objects to Request No. 2 as overly broad, unduly burdensome and not relevant to the claims or issues of this litigation and is not proportional to the needs of the case in that it requests information about all "Level 7 and Level 8 employees in Google Cloud sales organization" and therefore is not sufficiently limited in time and scope. Defendant further objects to Request No. 2 to the extent it requires Defendant to provide information that exceeds the information Defendant is required to provide pursuant to the Magistrate Judge's ruling on the proper scope and span of comparator information proportional to the needs of the case. [DKT. 76]. Subject to, without waiving, and consistent with the foregoing general and specific objections, Defendant refers Plaintiff to Defendants Responses and Objections to Interrogatory No. 6.

**FIRST SUPPLEMENTAL RESPONSE:** Defendant incorporates by reference its initial responses and objections to Request No. 2. Subject to, without waiving, and consistent with the foregoing general and specific objections, Defendant will produce non-privileged, responsive documents and refers Plaintiff to its first supplemental/amended responses and objections to Plaintiff's Interrogatory No. 6.

- INTERROGATORY NO. 6: State the age of each of the following persons on the date that such person was hired by Defendant: Bob Allison, Jeff Keplar, George Barnes, Yolande Piazza, Erin Williams, Russ Kole, Justin DeCastri, Nigel Walsh, Reed Overby, Elizabeth Elkins, Roman Kochanowsky, Teena Piccione, David Ooley, Jeff Perry, Jenn Smetana, Ivan Fernandez, Emily Walsh, Sam Maule, Dan Greve, Michael Thomas, Toby Velte, John Froese, Andrea Austin and Joe Johnston.

**RESPONSE:** Defendant objects to Interrogatory No. 6 on the basis that it seeks information not relevant to the claims and issues in this action and is not proportional to the needs of the case. Defendant further objects to Interrogatory No. 6 to the extent it requires Defendant to provide information that exceeds the information Defendant is required to provide pursuant to the Magistrate Judge's ruling on the proper scope and span of comparator information proportional to the needs of the case. [DKT. 76]. Subject to, without waiving, and consistent with the foregoing general and specific objections, Plaintiff already knows his age on the date he was hired by Defendant and Defendant will supplement its answer limited to the scope of the Magistrate Judge's Order [DKT. 76].

**FIRST SUPPLEMENTAL RESPONSE:** Defendant incorporates by reference its initial responses and objections to Interrogatory No. 6. Subject to, without waiving, and consistent with the foregoing general

and specific objections, Defendant identifies the following: Jeff Keplar: 61 (DOH 7/15/2019); Reed Overby: 54 (DOH 1/6/2020); Roman Kochanowsky: 54 (DOH 10/2/2019); Ivan Fernandez: 48 (DOH 5/23/2022) and Rohit Bhat: 32 (DOH 2/13/17).

- INTERROGATORY NO. 7: Identify all employees in the Google Cloud sales organization who did not meet their B1 and/or B2 goals from 2018 to 2022.

  **RESPONSE:** Defendant objects to Interrogatory No. 7 on the basis that it is overly broad and unduly burdensome in that it seeks information not relevant to the claims and issues in this action and is not proportional to the needs of the case because it seeks information related to "all employees in the Google Cloud sales organization." Defendant further objects to Interrogatory No. 7 to the extent it requires Defendant to provide information that exceeds the information Defendant is required to provide pursuant to the Magistrate Judge's ruling on the proper scope and span of comparator information proportional to the needs of the case. [DKT. 76]. Subject to, without waiving, and consistent with the foregoing general and specific objections, Defendant will supplement its answer limited to the scope of the Magistrate Judge's Order [DKT. 76].

  **FIRST SUPPLEMENTAL RESPONSE:** Defendant incorporates by reference its initial responses and objections to Interrogatory No. 7. Subject to, without waiving, Defendant refers Plaintiff to its supplemental document production for documents bates-labeled GOOG – KEPLAR 4049 - GOOG – KEPLAR 4104.

Dkt. No. 82 at 13-14, 21 of 23.

Also on February 15, 2024 Keplar filed a Motion for Sanctions. *See* Dkt. Nos. 88 & 89 & 92. Google then filed a response, *see* Dkt. No. 101, and Keplar filed a reply, *see* Dkt. No. 103.

Google also filed a Cross-Motion for Sanctions, *see* Dkt. No. 101, to which Keplar responded, *see* Dkt. No. 104, and in support of which Google filed a reply, *see* Dkt. No. 117.

The Court then, on March 8, 2024, granted in part and denied in part Keplar's Emergency Motion to Enforce Order on Motion to Compel and Extend Discovery

-11-

Period as Necessary, and to Compel Responses to Interrogatories, Requests for Admission and Document Requests [Dkt. No. 79], Keplar's Motion for Sanctions [Dkt. No. 88], and Google's Cross-Motion for Sanctions [Dkt. No. 101]. *See* Dkt. No. 124.

And, in doing so, the Court ordered that Google had too narrowly read the Court's January 9, 2024 Electronic Order ordering "'that Google must present a corporate representative to testify … regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part' as ordering only 'that Google must present a corporate representative to testify … regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in <u>the Financial Services Industry vertical of</u> the Google Cloud sales organization of which Keplar was a part.'" Dkt. No. 124 at 33. The Court explained that it

> has carefully compared its January 9, 2024 Electronic Order [Dkt. No. 76] with the briefing and deposition excerpts relevant to [Keplar's allegations regarding Google's failing to produce documents for, and offer corporate representative testimony about, all directors within Google Cloud's Financial Services Industry vertical]. The bottom line is that the Court ordered "that Google must present a corporate representative to testify regarding the ages, qualifications, and circumstances of separation, reduction in scope of duties, demotion, or replacement of any employees of Google, including Mr. Fernandez, who were employed as directors (the same level as Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part." Dkt. No. 76.
>
> That is, the required testimony is limited to directors at the same

-12-

level as Keplar. And Mr. Moyer's testimony makes clear that those are directors in an "M1" position. And, so, the Court finds no violation of its January 9, 2024 Electronic Order.

As for Keplar's document requests and interrogatories, Google did not, as Keplar observes, seek a protective order limiting the scope its responses and answers. And the Court's January 9, 2024 Electronic Order did not address these written discovery requests because they were not before the Court on the Motion to Compel.

But Keplar's emergency motion [Dkt. No. 79] did address them. And the parties then told the Court that there was no need for the Court to resolve that motion based on an agreement that "Google will supplement to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76] its responses to Plaintiff's First Interrogatories, Requests for Admission and Document Requests and will provide responsive documents to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76]." Dkt. No. 83.

And, on the record before the Court, that appears to be what Google has done. And, so, the Court finds no basis to enter either a sanctions order or an order compelling further answers and production under Federal Rules of Civil Procedure 37(a)(3)(B)(iii)-(iv) based on these allegations.

....

The same cannot be said as to the second Rule 30(b)(6) topic on which the Court ordered Google to present corporate representative testimony.

Google apparently read the Court's ordering "that Google must present a corporate representative to testify … regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part" as ordering only "that Google must present a corporate representative to testify … regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in <u>the Financial Services Industry vertical of</u> the Google Cloud sales organization of which Keplar was a part."

But the Court included the limitation "[in] the Financial Services Industry vertical" only in the first Rule 30(b)(6) topic that the Court ordered on Keplar's Motion to Compel: "regarding the ages, qualifications, and circumstances of separation, reduction in scope of duties, demotion, or replacement of any employees of Google, including Mr. Fernandez, who were employed as directors (the same level as

-13-

Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part."

The presence of that phrase in the first topic and not in the second reflects that the Court intended the limitation to apply to only the first topic. And that is what the Court ordered, notwithstanding Google's efforts now to narrow the Court's ordering language by pointing to the Court's more general statement regarding comparators and Google's resulting limitation of Ms. Piazza's corporate representative testimony. See Dkt. No. 92-2.

Google's counsel may have thought that the Court should have ruled more narrowly in deciding Keplar's Motion to Compel – but, if so, those thoughts did not lead Google to either timely file Federal Rule of Civil Procedure 72(a) objections with Judge Boyle or seek clarification from the Court in advance of preparing and presenting the required corporate representative for deposition.

And Google cannot, based on the agreement reflected in the parties' Joint Notice [Dkt. No. 83], correspondingly limit its interrogatory answers and document production when Google did not timely move for a protective order, Keplar moved to compel, and the parties agreed that "Google will supplement to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76] its responses to Plaintiff's First Interrogatories, Requests for Admission and Document Requests and will provide responsive documents to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76]." Dkt. No. 83.

Google's violation of the Court's January 9, 2024 Electronic Order [Dkt. No. 76] in Ms. Piazza's corporate representative deposition testimony and its document production and interrogatory answers warrant a sanctions order under Rule 37(b)(2) and an order compelling supplemental answers and document production under Federal Rules of Civil Procedure 37(a)(3)(B)(iii)-(iv) based on these allegations.

....

Google's counsel has now twice read the scope of the relief that the Court ordered in its January 9, 2024 Electronic Order granting in part and denying in part Keplar's Motion to Compel more narrowly than the order's language provides.

Google's counsel made clear during the February 14, 2024 emergency telephone conference Google's displeasure with the scope of that order as written and as clarified by the Court during the conference. That misreading was rendered harmless by counsel's seeking clarification during the February 14, 2024 emergency telephone conference, as Keplar acknowledges. See Dkt. No. 103 at 1 n.2.

-14-

But Google's counsel also misread the Court's ordering language regarding the second Rule 30(b)(6) topic. And the language of the Court's order should have prompted Google to at least seek clarification before preparing and presenting its corporate representative to testify only "regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part" and correspondingly limiting its document production and interrogatory answers.

In these circumstances, the just and proper outcome here under the Federal Rules is to require the continued deposition of Google's corporate representative witness, Yolande Piazza, for two more hours and limited to the second ordered Rule 30(b)(6) topic as ordered in the January 9, 2024 Electronic Order [Dkt. No. 76] – after Google supplements it its document production and interrogatory answers consistent with the parties' agreement reported in the Joint Notice [Dkt. No. 83].

Google will be responsible for paying for the court reporter for this limited continued corporate representative deposition, which will again take place over Zoom.

Google's Cross-Motion for Sanctions suggests that Keplar should be required to pay for an attorney-mediator (or other Court-designated intermediary) to attend this deposition to confirm Keplar's counsel's compliance with the January 9 protective order. But that would involve more expense and trouble that is warranted here.

Rather, the Court orders that the deposition of Yolande Piazza as Google's corporate representative will be continued for no more than 2 hours on Monday, March 18, 2024 beginning at a mutually agreeable time no earlier than 10:00 a.m. Central Time, and the undersigned will sign on to the Zoom deposition and, with the undersigned's camera off unless called on to speak, will monitor the deposition's conduct.

The Court will not rule on objections, if any, as they are made. That is not Rule 30(c)(2) or, more generally, depositions work, and the parties here are not, under the circumstances, entitled to special treatment or any kind of reward through this extraordinary relief that the Court feels compelled to provide. But the undersigned will be present in the event that the parties have a dispute regarding the scope of the deposition and to ensure compliance with Rule 30 and the January 9 protective order.

Counsel must send an email to Horan_Orders@txnd.uscourts.gov by March 14, 2024, providing the time and Zoom log-in information for the March 18, 2024 deposition.

-15-

In connection with this continued deposition, Keplar's and Google's counsel are each admonished to comply with the terms of the January 9 protective order and with Rule 30's mandates, including Rule 30(c)(2)'s limitations on the manner of objecting.

The Court also orders Google to supplement its document production and interrogatory answers, consistent with the Court's orders, in advance of this Court-monitored and limited continued corporate representative deposition and by no later than March 14, 2024.

And the Court finds that no other alleged sanctionable conduct warrants any additional relief against Keplar or Google under the Federal Rules or the Court's inherent powers. This limited relief should draw discovery in this case to a close.

Dkt. No. 124 at 32-35, 38-41.

On March 12, 2024, Google filed a Motion for Reconsideration; or Alternatively, Clarification of Court's March 8 Order [Dkt. No. 124]. *See* Dkt. No. 129. Google explained that it

has reviewed Plaintiff's Second Requests for Production to Defendant and First Set of Interrogatories to Defendant (collectively, "Discovery Requests"), and consistent with both this Court's January 9, 2024 Order and March 8 Order, determined that it has no further obligation to supplement its document production and interrogatory answers to comply with the Court's March 8 Order.

6. Based on Google's review, none of Plaintiff's Discovery Requests concern and/or relate to matters "regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part consistent with the Court's March 8 Order."

7. Accordingly, Google moves the Court to reconsider its March 8 Order that an order compelling supplemental answers and document production under Federal Rules of Civil Procedure 37(a)(3)(B)(iii)-(iv) is warranted as to the second corporate representative topic – regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part – not limited to the FSI vertical, and find that the Court has no basis to enter either a sanctions order or an order

-16-

compelling further answers and production upon reconsideration of Plaintiff's document requests and interrogatories at issue.

8. Alternatively, Google seeks clarification of which Discovery Requests propounded by Plaintiff concern and/or relate to matters "regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part" for which Google must produce documents or answers to interrogatories, so that it may fully comply with its obligations under the Court's March 8 Order. As demonstrated below, the Parties cannot reach agreement on which of the Discovery Requests are at issue, and the Court's intervention is necessary, if reconsideration of the March 8 Order is not granted.

Dkt. No. 129 at 2-4.

Keplar responded on March 12, 2024 that Google,

in the face of a detailed consideration by Magistrate Judge David Horan of its ongoing discovery obligations in this action in his March 8, 2024 order on cross-motions for sanctions, insists that it has already complied with all document request and interrogatory obligations (even if not supplemental deposition obligations) imposed by that order even when Magistrate Horan found that it has not done so. Specifically, Defendant claims that it need not further produce documents responsive to Request No. 7 within Plaintiff's requests for documents, or provide further answers to Interrogatories No. 6 and 7 within Plaintiff's interrogatories, served upon it on December 19, 2023. However, as noted in the order, Defendant did not move for a protective order as to such discovery requests. Order at 34-35. It therefore has no basis for fully producing documents in response to Request No. 2 and not fully answering Interrogatory No. 6 and 7. That means it must produce documents as to the ages of all Level 8 employees of Defendant from 2018 to date, as requested in Request No. 2, and answer interrogatories about the ages of named individuals as requested in Interrogatory No. 6 and the identity of employees who did not meet B1 or B2 quotas from 2018 and 2022 as requested in Interrogatory No. 7.

2. Contrary to Defendant's motion, Defendant's obligation with respect to the document request and interrogatories are not dependent on the scope of its corporate representative deposition obligation. Magistrate Judge Horan held (Order at 34) that Defendant cannot limit its interrogatory answers and document requests on the basis of the parties' agreement as to any corporate representative deposition. Order

-17-

at 35. He also imposed sanctions upon Defendant related to its corporate representative deposition obligation under Rule 37(b) of the Federal Rules of Civil Procedure independent of his order compelling Defendant's compliance with document request and interrogatory obligations under Rule 37(a). *Id.* Thus, Defendant may not limit its obligation to produce documents in response to Request No. 2 nor its obligation to answer Interrogatories Nos. 6 and 7 by reference to any aspect of its obligation to give a supplemental corporate representative deposition, as it seeks to do in its motion. Rather, it should simply produce the requested documents and answer the interrogatories on their own terms.

Dkt. No. 130 at 1-2.

On March 13, 2024, the Court granted in part and denied in part Defendant Google, LLC's Motion for Reconsideration; or Alternatively, Clarification of Court's March 8 Order [Dkt. No. 129], explaining that,

> [t]o clarify, the Court ordered on March 8, 2024 that, consistent with the parties' agreement in the Joint Notice [Dkt. No. 83], Google must supplement its responses and answers and document production to the extent that its responses and answers and production were limited based on Google's too-narrow reading of the Court's January 9, 2024 Electronic Order. That is, if Google has information or documents that are responsive to any of the document requests or interrogatories based on the Court's ordering that Google must provide information "regarding the ages, qualifications, and circumstances of separation, reduction in scope of duties, demotion, or replacement of any employees of Google, including Mr. Fernandez, who were employed as directors (the same level as Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part and regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part," Google must supplement its answers and responses and document production to provide those materials and information before the March 18, 2024 continued deposition. The Court did not on March 8, 2024 order supplemental production or answers beyond that and does not otherwise grant any of the relief that Google seeks in this latest motion.

-18-

Dkt. No. 131 at 1-2.

In his Third Motion to Compel and Second Motion for Sanctions, Keplar now asserts that, "on their face," Keplar's Request for Production No. 2 and Interrogatories Nos. 6 and 7 "overlap with the two categories of information as to which Defendant has continuing discovery obligations identified by this Court in its January 9, 2024 order and then again in its March 8, 2024 order on cross-motions for sanctions and March 13, 2024 order on Defendant's motion for reconsideration or clarification of the March 8, 2024 order." Dkt. No. 135 at 2. Keplar asserts that, "[s]pecifically,"

- "(a) the ages of Level 8 employees referred to in Request No. 2 necessarily bear on the circumstances of separation (specifically the age at separation) of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part,"
- "(b) the ages of certain employees of Defendant referred to Interrogatory No. 6 necessarily bear on the ages of any employees of Google, including Mr. Fernandez, who were employed as directors (the same level as Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part and regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part," and '
- "(c) the quota attainment of employees in Defendant's Google Cloud organization referred to in Interrogatory No. 7 necessarily bear on circumstances of separation of any employees of Google, including Mr. Fernandez, who were employed as directors (the same level as Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part and [the] circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part."

Dkt. No. 135 at 2-3. Keplar explains that, as he

> interprets the March 13, 2024 order, the Court has ordered the
> production of documents and answers to interrogatories only to the
> extent of any overlap with the two identified categories of information
> as to which Defendant has continuing discovery obligations in the form
> of a corporate representative deposition, not ordered production of
> additional documents and supplemental answers to interrogatories on
> their own terms, as Plaintiff, in his response to Defendant's motion for
> reconsideration or clarification of the March 8, 2024 order, claimed was
> appropriate in view of the independence of Defendant's corporate
> representative discovery obligations and its discovery obligations
> relating to document requests and interrogatories and the independent
> grounds for sanctions on the two separate sets of discovery obligations
> under Rules 37(a) and 37(b) of the Federal Rules of Civil Procedure.
> However, in denying in part Defendant's motion for reconsideration or
> clarification the March 8, 2024 order (even if granting it in part to the
> limited extent noted), this Court was not, as Defendant seemingly
> believes, thereby effectively vitiating any obligation to provide
> additional documents and supplemental answers. With the critical
> document request and critical interrogatories before it at the time of the
> March 8, 2024 order and the March 13, 2024, it would not have denied
> the motion for reconsideration or clarification of the March 8, 2024
> order to any extent if it believed that Defendant was being excused from
> any further such obligation by the March 13, 2024 order.

Dkt. No. 135 at 1 n.1.

But, Keplar reports, Google "has not produced any additional documents or

supplemented any prior answers to interrogatories as of the time of the filing of this

motion on [March] 15, 2024." *Id.* at 3.

Keplar requests that, "[b]ased on Defendant's failure to produce any

additional documents or supplement any prior answers to interrogatories in

response to the specified request for production and interrogatories, this Court

should compel Defendant to do so and award sanctions for its not doing so prior to

the March 18, 2024 continued deposition required by the March 8, 2024 order." *Id.* at

3; *see also* Dkt. No. 138 at 2 ("Plaintiff prays for an order that Defendant immediately (on Tuesday, March 19, 2024, to allow for use by Plaintiff in his summary judgment response due March 22, 2024) respond fully to Plaintiff's Request No. 2 and Interrogatories 6 and 7.").

Google responded on March 17, 2024 that, with the Court's clarification in its March 13, 2024 Order [Dkt. No. 131], "Google again reviewed Plaintiff's 2nd Requests for Production of Documents and First Set of Interrogatories (collectively, 'Discovery Requests') and determined it did not limit its responses and answers and document production based on a too-narrow reading of the Court's January 9, 2024 Electronic Order." Dkt. No. 136 at 1.

Google reports that its "counsel notified Plaintiff's counsel that '[i]n accordance with its Agreement set forth in the parties' Joint Notice [Dkt. No. 83], Google has no response in advance of the continuation of its corporate representative deponent, Ms. Yolande Piazza, on Monday, March 18, responsive to any of Plaintiff's 2nd document requests or interrogatories served on December 19, 2023, based on the Court's ordering that, consistent with the parties' agreement, Google must supplement its responses and answers and document production to the extent that its responses and answers and production were limited based on Google's too-narrow reading of the Court's January 9, 2024 Electronic Order. Upon further review and analysis, Google has determined that its previous production and supplemental answers to interrogatories and responses were in no way limited based on its too-narrow reading of the Court's January 9, 2024 Electronic Order.'" Dkt. No. 136 at

2.

Google explains that "[t]he Court has ordered the continued deposition of Google's corporate representative witness, Ms. Yolande Piazza, for two more hours limited to the second ordered Rule 30(b)(6) topic – relevant to Plaintiff's ERISA claim – regarding the identity and circumstances of separation, if any, of Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part [Dkt.124 No., pp. 33 and 39]," and Google asserts that "Plaintiff's Request No. 2 and Interrogatory Nos. 6 and 7 do not ask Google for the identity and circumstances of separation, if any, of Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Google Cloud sales organization of which Keplar was a part. [Dkt. 105-4, pp. 6 -7; Dkt. No., pp. 8 - 9]" and that, "[a]ccordingly, Google did not respond to these Discovery Requests because it was not necessary to do so – consistent with the parties' agreement – and Google did not limit its responses and answers and document production to Plaintiff's Discovery Requests based on a too-narrow reading of the Court's January 9, 2024 Electronic Order for this same reason." Dkt. No. 136 at 2-3.

### Discussion

The Court understands Keplar to now be moving for sanctions under Federal Rule of Civil Procedure 37(b)(2) and to compel discovery responses and answers under Federal Rules of Civil Procedure 37(a)(3)(B)(iii)-(iv).

The Court has already laid out the standards for sanctions under Rule 37(b)(2)

for failing to obey an order to provide or permit discovery. *See* Dkt. No. 124 at 13-18.

And, as explained above, under the Court's Scheduling Order and Amended Scheduling Order, any Rule 37(a)(3)(B) motion to compel is untimely unless the Court's March 8, 2024 and March 13, 2024 orders established the deadlines for service of the discovery answers and responses at issue. *See* Dkt. No. 25 at 3; Dkt. No. 60 at 1.

And, so, the issue to be decided on Keplar's latest motion comes down to what the Court's March 8, 2024 and March 13, 2024 orders required of Google as to supplemental discovery answers and responses and document production.

The Court's orders as to Keplar's written discovery and Google's responses and answers were tied to the parties' agreement in the Joint Notice [Dkt. No. 83] providing that, "[i]n advance of Google's Corporate Deponent deposition, Google will supplement to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76] its responses to Plaintiff's First Interrogatories, Requests for Admission and Document Requests and will provide responsive documents to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76]." Dkt. No. 83 at 1.

Keplar contends that the Court's ensuing March 8, 2024 and March 13, 2024 orders mean that "the Court has ordered the production of documents and answers to interrogatories only to the extent of any overlap with the two identified categories of information as to which Defendant has continuing discovery obligations in the form of a corporate representative deposition." Dkt. No. 135 at 1 n.1.

-23-

But, whatever the parties intended their agreement in the Joint Notice [Dkt. No. 83] to mean, the Court does not read it to dictate that Google must fully answer or respond to any discovery request that overlaps in any way with the two Federal Rule of Civil Procedure 30(b)(6) deposition topics ordered in the January 9, 2024 Electronic Order [Dkt. No. 76].

And, in any event, that is not what the Court ordered on March 8, 2024 and March 13, 2024, which was (as clarified) that, "consistent with the parties' agreement in the Joint Notice [Dkt. No. 83], Google must supplement its responses and answers and document production to the extent that its responses and answers and production were limited based on Google's too-narrow reading of the Court's January 9, 2024 Electronic Order." Dkt. No. 131 at 1.

The Court's March 8, 2024 order observed, in pertinent part, that, "[a]s for Keplar's document requests and interrogatories, Google did not, as Keplar observes, seek a protective order limiting the scope its responses and answers"; "the Court's January 9, 2024 Electronic Order did not address these written discovery requests because they were not before the Court on the Motion to Compel," "[b]ut Keplar's emergency motion [Dkt. No. 79] did address them"; and that "the parties then told the Court that there was no need for the Court to resolve that motion based on an agreement that 'Google will supplement to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76] its responses to Plaintiff's First Interrogatories, Requests for Admission and Document Requests and will provide responsive documents to the extent necessary and consistent with

Magistrate Judge Horan's January 9, 2024 Order [DKT. 76]."' Dkt, No. 124 at 32-33 (quoting Dkt. No. 83 at 1).

The Court on March 8, 2024 found "no basis to enter either a sanctions order or an order compelling further answers and production under Federal Rules of Civil Procedure 37(a)(3)(B)(iii)-(iv) based on" Keplar's allegations regarding Google's failing to produce documents for, and offer corporate representative testimony on the first deposition topic about, all directors within Google Cloud's Financial Services Industry vertical. Dkt. No. 124 at 32-33.

The Court then held that Google – having filed no motion for a protective order and having agreed to "supplement to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76] its responses to Plaintiff's First Interrogatories, Requests for Admission and Document Requests and ... provide responsive documents to the extent necessary and consistent with Magistrate Judge Horan's January 9, 2024 Order [DKT. 76]," Dkt. No. 83 at 1 – "cannot, based on the agreement reflected in the parties' Joint Notice [Dkt. No. 83], correspondingly limit its interrogatory answers and document production based on its too-narrow reading of the second deposition topic" "as ordering only 'that Google must present a corporate representative to testify ... regarding the identity and circumstances of separation, if any, of so-called Level 8 employees who were employed as directors (the same level as Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part,'" Dkt. No. 124 at 33-35.

And the Court ordered that "Google's violation of the Court's January 9, 2024 Electronic Order [Dkt. No. 76] in Ms. Piazza's corporate representative deposition testimony [as to the second deposition topic] and its document production and interrogatory answers warrant a sanctions order under Rule 37(b)(2) and an order compelling supplemental answers and document production under Federal Rules of Civil Procedure 37(a)(3)(B)(iii)-(iv)" and ordered "Google to supplement its document production and interrogatory answers, consistent with the Court's orders, in advance of this Court-monitored and limited continued corporate representative deposition and by no later than March 14, 2024." Dkt. No. 124 at 35, 40-41

The Court's March 8, 2024 order, as to Keplar's document requests and interrogatories, was limited to enforcing the parties' agreement to resolve Keplar's emergency motion [Dkt. No. 79] and specifically to require Google to, if necessary, supplement with any responsive information or documents that it may have withheld based on its too-narrow reading of the second deposition topic that the Court ordered in its January 9, 2024 Electronic Order. And, as the Court explained in its March 13, 2024 order, "[t]he Court did not on March 8, 2024 order supplemental production or answers beyond that." Dkt. No. 131 at 2. In that sense, in the Court's March 8, 2024 order, there was, as Keplar now contends, some "legal independence, for Rule 37 purposes, of the order for a continued deposition and" the order for Google to supplement its discovery answers and responses. Dkt. No. 138 at 1. And the Court, relatedly, did not order new or continued deposition testimony regarding Google's discovery answers and responses or document production. *See*

Dkt. Nos. 124 & 131.

But the Court's March 8, 2024 order, by its own terms, also did not compel further or supplement answers or document production in connection with the first deposition topic that the Court ordered in its January 9, 2024 Electronic Order – "the ages, qualifications, and circumstances of separation, reduction in scope of duties, demotion, or replacement of any employees of Google, including Mr. Fernandez, who were employed as directors (the same level as Keplar) concurrently with Keplar in the Financial Services Industry vertical of the Google Cloud sales organization of which Keplar was a part." Dkt. No. 124 at 32-33.

And the Court did not, as Keplar now contends, order that Google must fully respond – before or after the March 18, 2024 continued corporate representative deposition – to Keplar's Request for Production No. 2 seeking "[a]ll documents referring to or evidencing the age of Level 7 and 8 employees in the Google Cloud sales organization during the period from one year before Plaintiff worked there to the present," because, in Keplar's view, the ages of the subset of that pool of employees who were Level 8 employees employed as M1 directors concurrently with Keplar in the Google Cloud sales organization and who have separated from Google are "circumstances of [their] separation."

Neither did the Court order that Google must fully answer – before or after the March 18, 2024 continued corporate representative deposition – Keplar's Interrogatory No. 6 asking Google to "[s]tate the age of each of the following [listed] persons on the date that such person was hired by Defendant" because, in Keplar's

view, the hiring-date ages of the named persons on that list who were Level 8 employees employed as M1 directors concurrently with Keplar in the Google Cloud sales organization and who have separated from Google are somehow "circumstances of [their] separation."

And the Court did not order that Google must fully answer – before or after the March 18, 2024 continued corporate representative deposition – Keplar's Interrogatory No. 7 asking Google to "[i]dentify all employees in the Google Cloud sales organization who did not meet their B1 and/or B2 goals from 2018 to 2022" because, in Keplar's view, "the quota attainment of employees in Defendant's Google Cloud organization referred to in Interrogatory No. 7 necessarily bear on circumstances of separation" of any individuals who did not meet those goals in those years and who also were Level 8 employees employed as M1 directors concurrently with Keplar in the Google Cloud sales organization and who have separated from Google. Dkt. No. 135 at 3.

And, consistent with the requirements of the Court's March 8, 2024 and March 13, 2024 orders, Google now reports that, "[u]pon further review and analysis, Google has determined that its previous production and supplemental answers to interrogatories and responses were in no way limited based on its too-narrow reading of the Court's January 9, 2024 Electronic Order.'" Dkt. No. 136 at 2.

Keplar contends that, even after he "sought an order compelling Defendant to respond to [Plaintiff's Request for Production No. 2 and Interrogatories Nos. 6 and 7], as this Court noted, in its March 8, 2024 order (Dkt. 124), [Google] sought no

protective order to excuse less than full compliance with such discovery request."
Dkt. No. 138 at 1. But Keplar also told the Court that there was no need for the
Court to resolve his motion to compel based on an agreement that "Google will
supplement to the extent necessary and consistent with Magistrate Judge Horan's
January 9, 2024 Order [DKT. 76] its responses to Plaintiff's First Interrogatories,
Requests for Admission and Document Requests and will provide responsive
documents to the extent necessary and consistent with Magistrate Judge Horan's
January 9, 2024 Order [DKT. 76]." Dkt. No. 83 at 1.

     The Court has not ordered Google to further respond or answer Keplar's
written discovery requests beyond what it ordered in its March 8, 2024 order, and
the Court's March 13, 2024 order clarifying its March 8, 2024 order could not and did
not expand the scope of what the Court had already ordered regarding any further or
supplemental answers and document production. Neither did the Court make any
rulings regarding Keplar's newest motion to compel during the March 18, 2024
continued deposition of Google's corporate representative; rather, the Court only
issued rulings to enforce the continued deposition's limits under the March 8, 2024
order.

     In the face of Google's explanations regarding its compliance with the Court's
orders, the Court cannot accept Keplar's assertion that Google failed to comply with
any requirements of or otherwise violated the Court's March 8, 2024 and March 13,
2024 orders based on the fact that Google "has not produced any additional
documents or supplemented any prior answers to interrogatories as of the time of

the filing of this motion on" March 15, 2024. Dkt. No. 135 at 3.

And, insofar as Keplar's March 15, 2024 motion is intended as a Rule 37(a)(3) motion to compel based on Google's alleged "obligation, independent of the corporate representative deposition obligation, to respond to such discovery requests," Dkt. No. 138 at 1, the motion is untimely under deadline set by the Court's scheduling orders, *see* Dkt. No. 25 at 3, 8; Dkt. No. 60 at 1; *see generally Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018) ("A district court has discretion to deny as untimely a motion filed after the discovery deadline."); *Siegel v. Compass Bank*, No. 3:18-cv-1023-X, 2021 WL 4498915, at *2 (N.D. Tex. Jan. 11, 2021) ("Relatedly, the Fifth Circuit Court of Appeals has noted that its 'precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline – regardless of the requested discovery's value to the party's case." *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 n.4 (5th Cir. 2015); *see also Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir. 1992) (holding that the district court did not abuse its discretion when it denied plaintiff's request to conduct potentially dispositive discovery, 'given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request an inspection earlier')." (footnote omitted)).

And Keplar has made no attempt to show good cause under Federal Rule of Civil Procedure 16(b)(4) to justify the late filing of a motion to compel, days before the extended deadline for filing his summary judgment response. *See generally MidTexas Indus. Properties, Inc. v. U.S. Polyco, Inc.*, No. 3:19-cv-1573-L, 2020 WL

13134083, at *1 (N.D. Tex. Jan. 13, 2020) ("The good cause standard requires the party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." (cleaned up)); *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." (cleaned up)).

The Court finds no basis enter either a Rule 37(b)(2) sanctions order or an order compelling further or supplemental answers and responses or document production under Rules 37(a)(3)(B)(iii)-(iv).

## Conclusion

For the reasons explained below, the Court denies Plaintiff Jeffrey Keplar's Third Motion to Compel and Second Motion for Sanctions [Dkt. No. 135].

SO ORDERED.

DATED: March 18, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE